IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH A. ERICKSON,

               Plaintiff,                OPINION AND ORDER

v.

                                                   15-cv-320-wmc

DEPARTMENT OF WORKFORCE
DEVELOPMENT, DIVISION OF
VOCATIONAL REHABILITATION OF
THE STATE OF WISCONSIN, MICHAEL
GRECO, JOHN HAUGH, and PATRICIA
NOLAND,

               Defendants.

---

This case is set for a court trial on November 7, 2016. In advance of the final pretrial conference, the court issues the following decisions on the parties' motions *in limine* and on plaintiff's motion for reconsideration of the court's prior decision on the availability of compensatory damages.

OPINION

I. Plaintiff's Motions

    **A. Plaintiff's MIL No. 1: Bar Certain Affirmative Defenses (dkt. #85)**

Plaintiff seeks an order precluding defendants from presenting any evidence that: (1) it would have been an "undue hardship" for DWD to accommodate Erickson; and (2) that Erickson failed to mitigate her damages. In support of the motion, plaintiff contends that Erickson failed to plead these affirmative defenses or otherwise raise the defenses during discovery, at summary judgment or in other motions.

For their part, defendants acknowledge their failure to plead an "undue hardship" defense or otherwise assert it, and therefore they do not intend to raise this defense at

trial. (Defs.' Resp. (dkt. #106) 1 n.1.) In contrast, defendants assert that they "expressly referenced a failure to mitigate damages defense in their Answer." (*Id.* at 1-2.) The Answer, however, simply provides that "Defendants *reserve* the defense of Plaintiff's failure to mitigate damages." (Answ. (dkt. #14) p.12 (emphasis added).) While this statement stopped short of actually asserting a mitigation defense in their pleadings, defendants also direct the court to discovery requests, and in particular, questions posed to Erickson during her deposition, in which defendants sought information about Erickson's attempts to obtain employment. (Defs.' Opp'n (dkt. #106) 2-3 (describing questions posed during deposition and discovery requests and responses).) As such, defendants have demonstrated that a failure to mitigate damages defense was in play, and plaintiff's counsel's representation that it first learned of this defense during pre-trial discussion is not credible.

 Moreover, plaintiff has failed to explain how she has been prejudiced by defendants' delay in formally asserting the defense. The only prejudice appears tied to the merits of the defense itself. To the extent there is any prejudice, the court will grant plaintiff greater latitude in offering evidence material to this defense.

 Accordingly, plaintiff's motion is GRANTED as unopposed with respect to the "undue hardship" defense and DENIED as to the "failure to mitigate" defense. Defendant is granted leave to amend its answer to assert a failure to mitigate damages defense.

**B. Plaintiff's MIL No. 2: Bar Expert Testimony by Lay Witnesses (dkt. #88)**

Next, plaintiff seeks an order excluding certain of defendants' proposed findings of fact as improper expert testimony under Federal Rule of Civil Procedure 37(c)(1). Specifically, plaintiff takes issue with seven statements by Erickson's former supervisors, Richard Clark and Patricia Noland, each of which she characterizes as "opinions based on specialized knowledge and experience in the field of vocational rehabilitation." (Pl.'s Br. (dkt. #89) 3.) Because defendants failed to disclose any experts, including experts who are not required to provide a written report under Federal Rule of Civil Procedure 26(a)(2)(C), plaintiff contends that these statements should be excluded.

Generally speaking, the challenged statements listed in plaintiff's brief involve: (1) the duties of the vocational rehabilitation counsel ("VCR") position; (2) how performance of those duties is critical to the success of the DVR; and (3) how Erickson lacked abilities to perform those duties. (Pl.'s Br. (dkt. #89) 3-4) (citing Defs.' PFOFs (dkt. #37) ¶¶ 18, 26, 45, 46, 48, 116).) In addition to statements addressing those subjects, plaintiff seeks to strike a proposed finding involving a review of Erickson's case filed by DVR's Policy Analysts. (*Id.* at 5 (citing Defs.' PFOFs (dkt. #37) ¶ 112.)

In response, defendants contend that Noland and Clark are not testifying as experts on scientific, technical or other specialized knowledge that would fall within the scope of 702. Instead, their testimony is specific to their first-hand knowledge of the role of the VRC and Erickson's performance in the role. The court agrees with defendants that the challenged statements in defendants' proposed findings of fact do not constitute traditional expert testimony. At most, some of the statements amount to permissible lay

opinion under Fed. R. Civ. P. 701 for which no advance disclosure is required. Fed. R. Civ. P. 26(a)(2)(A). To the extent Noland or Clark's testimony during trial crosses the line into true expert testimony, plaintiff is free to object, but the court sees no basis to strike the proposed findings as improper expert testimony.

As for plaintiff's final challenge to references of a review of Erickson's case files conducted by DVR policy analysts, the court agrees with defendants that this is simply a "fact of the case, not an expert opinion intended for use at trial." *Felix v. Wis. Dep't of Transp.*, 104 F. Supp. 3d 945, 954-55 (E.D. Wis. 2015). Whether the resulting report is admissible is an issue for another day, but defendants can testify to their relying on the report in determining that Erickson was not meeting performance expectations.

Accordingly, this motion is DENIED.

### C. Plaintiff's Motion for Reconsideration (dkt. #90)

In an earlier opinion and order, the court concluded that plaintiff had failed to assert any demand for compensatory damages, and therefore no basis existed for holding a jury trial. In her present motion to reconsider, plaintiff does not seek to upset the court's determination that this case should proceed to a bench trial. Instead, plaintiff seeks reconsideration of the court's ruling barring plaintiff from seeking compensatory damages as part of the bench trial.

In support of its motion, plaintiff directs the court to her Rule 26(a)(1) disclosure, stating that she "will make a claim for loss of earning capacity by a vocational expert due to the failure to accommodate her disability and her subsequent termination from her employment as a vocational rehabilitation counselor-in-training." (Pl.'s Br. (dkt. #91)

4

3.)  From this, plaintiff argues that such a claim "is without doubt a claim for compensatory damages," citing Seventh Circuit pattern jury instructions for compensatory damages in support.  (*Id.* at 3-4 (distinguishing front pay from diminution in expected earnings as a category of compensatory damages).)

In response, defendants principally argue that plaintiff cannot pursue damages for emotional distress because she failed to plead such a claim or disclose such a claim in her Rule 26(a)(1) disclosures.  While the court agrees with defendants that plaintiff's attempt to piece together a disclosure in her Rule 26(a)(1) submission is a bit of a stretch, given the court's liberal treatment of defendants' pleadings with respect to its failure to mitigate damages defense, the court will similarly allow plaintiff to pursue a compensatory damages award for emotional distress, and specifically damages relating to her diminution in expected earnings.

Accordingly, this motion is GRANTED.

## II.  Defendants' Motions (dkt. #96)

### A. Defs.' MIL Nos. 1, 2 and 4: Preclude Evidence of Disabilities

Defendants seek to exclude any reference or evidence of Erickson having (1) persistent tinnitus, (2) a communication disorder, and (3) relative weakness in her auditory working memory or auditory processing deficit or disorder.  Defendants contend that plaintiff never disclosed the first two disabilities and that they are "irrelevant, immaterial and more prejudicial than probative under Fed. R. Evid. 401-403."  (Defs.' MILs (dkt. #96) 1, 4.)  As for the third disability -- regarding Erickson's auditory working memory -- defendants argue that the court should exclude such evidence or

5

argument because it is "irrelevant, immaterial and more prejudicial than probative." (*Id.* at 2.)

The court agrees with plaintiff that evidence relating to Erickson's disability is material to her ADA and Rehabilitation Act claims, and defendant has failed to articulate how this evidence would be prejudicial, other than as probative evidence supporting plaintiff's claim. To the extent defendants were not on notice of certain aspects of her hearing disability (e.g., tinnitus), defendants are free to present counter evidence and make such argument as may be appropriate, but the court will not exclude evidence of Erickson's tinnitus, communication disorders, or auditory working memory deficits from trial. Accordingly, these three motions are DENIED.

### B. Defs.' MIL No. 3: Exclude Testimony relating to Clark's Experience with an Alcoholic

In this motion, defendants seek an order excluding testimony about a purported conversation between Erickson and Clark on the basis that the testimony would be hearsay and that it is irrelevant and immaterial. Plaintiff does not oppose this motion. Accordingly, the motion is GRANTED as unopposed.

### C. Defs.' MIL No. 5: Bar WERC Stipulation of Facts

Finally, defendants seek an order excluding any reference to or presentation of evidence regarding the stipulation of facts Erickson entered into with an Office of State Employment Relations employee. Defendants contend that this stipulation is inadmissible hearsay. They also seek to bar the stipulation on issue preclusion grounds. As for the hearsay objection, assuming plaintiff can lay the proper foundation -- and

given her response brief it appears that she can -- the stipulation appears admissible as a statement by a party opponent under Federal Rule of Evidence 801(d)(2)(D). As for the issue preclusion argument, the court is hard-pressed to understand defendants' argument. Plaintiff is not arguing that defendants are *bound* by the facts presented in the stipulation. Instead, it appears that plaintiff simply seeks to introduce the stipulation as evidence material to Erickson's employment with DWD. Any further challenge to this document is best considered during trial, when testimony and argument concerning this exhibit will be presented. Accordingly, this motion is DENIED, without prejudice to defendant renewing a challenge at trial.

## ORDER

IT IS ORDERED that:

1) Plaintiff Elizabeth Erickson's motion *in limine* to bar affirmative defenses (dkt. #85) is DENIED as to the failure to mitigate damages defense, and GRANTED as unopposed as to the undue hardship defense.

2) Plaintiff's motion *in limine* to bar expert testimony (dkt. #88) is DENIED.

3) Plaintiff's motion for reconsideration of court's ruling on compensatory damages (dkt. #90) is GRANTED.

4) Defendants' motions in limine (dkt. #96) are GRANTED IN PART AND DENIED IN PART.

Entered this 1st day of November, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge